TARAMARK TITLE COMPANY,
INC., Appellant

v.

UNITED STATES of America,
Appellee.

No. CIV.A.03–12011–GAO.

United States District Court,
D. Massachusetts.

Sept. 30, 2005.

Timothy J. Burke, Burke & Associates, Braintree, MA, for Appellant.

Barry E. Reiferson, U.S. Department of Justice, Washington, DC, for Appellee.

## OPINION

O'TOOLE, District Judge.

The appellant, Taramark Title Company, Inc., filed this appeal pursuant to 26 U.S.C. § 6330(d)(1) to obtain review of an Internal Revenue Service ("IRS") collection determination. After consideration of the parties' oral arguments and written submissions and the administrative record, I conclude that the IRS determination ought to be affirmed.

### I. *Background*

Taramark, a Massachusetts corporation which provides title research services, failed to make timely federal employment tax payments for certain periods in 2001 and 2002. In February 2003, the IRS sent Taramark a notice of its intent, pursuant to 26 U.S.C. § 6331, to levy on Taramark's assets to collect the unpaid taxes. In response, Taramark requested a "Collection Due Process Hearing," pursuant to § 6330, which affords a taxpayer the right to an administrative hearing and other process before any levy is made.

IRS appeals officer Lisa Boudreau conducted a hearing in June 2003. Attorney Timothy Burke represented Taramark at the hearing and represents the company in this action. At the time of the hearing, the amount of delinquent taxes and penalties due was approximately $140,000.

After the hearing, Taramark offered to make installment payments of between $3,000 and $10,000 per month toward its outstanding liability. The IRS rejected that proposal. Taramark then submitted an "offer in compromise," offering to pay a total of $55,000, with an initial payment of $5,000 and twenty-four monthly payments of $2,500. The IRS rejected that proposal

as well. The IRS advised Taramark that its proposals were not acceptable and invited Taramark to make a new proposal. Taramark, however, did not make any additional proposals.

In September 2003 the IRS issued a Notice of Determination, which indicated that Taramark's proposed collection alternatives were rejected because the IRS had determined, based on the financial information Taramark had provided, that Taramark had the financial ability to make installment payments of up to $26,450 per month and ultimately to fully pay its outstanding liability. Taramark's settlement proposals were for significantly less. Consequently, the Notice of Determination indicated that the intent to levy and proposed collection action were fully sustained.

## II. *Discussion*

### A. *Due process*

Taramark principally complains that the administrative proceedings were inadequate and violated its due process rights because the hearing officer failed to communicate her view of the terms of an acceptable offer in compromise; the hearing officer was responsible for both negotiating with Taramark and then ultimately determining the adequacy of the offer in compromise; the IRS does not have ascertainable and enforceable standards to guide the consideration of an offer in compromise and determination of a collection action; and the IRS did not conduct an independent administrative review and did not offer Taramark the right to an administrative appeal. Taramark's protests are unconvincing as it asks for more procedural protections than it is due.

■ The process due is prescribed by the statute. Prior to 1998, "the IRS had the right to levy on taxpayer property without any prior opportunity for a hearing or procedural due process, so long as post-deprivation procedures were provided." *Living Care Alternatives of Utica v. United States*, 411 F.3d 621, 624 (6th Cir. 2005). As part of the broader IRS Restructuring and Reform Act of 1998, Pub.L. No. 105–206, 112 Stat. 685, Congress promulgated § 6330, setting forth a pre-deprivation administrative scheme designed in part "to ameliorate any harshness caused by allowing the IRS to levy on property without any provision for advance hearing or procedural due process." *Olsen v. United States*, 414 F.3d 144, 150 (1st Cir.2005).

Section 6330 affords a taxpayer the right to notice, a fair hearing, and judicial review prior to levy by the government. 26 U.S.C. § 6330(a)-(d). During the administrative proceedings, an impartial hearing officer is required to verify "that the requirements of any applicable law or administrative procedure have been met." *Id.* § 6330(c)(1). The taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy, including ... offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." *Id.* § 6330(c)(2)(A). The taxpayer may also challenge "the existence or amount of the underlying tax liability." *Id.* § 6330(c)(2)(B). Ultimately, the hearing officer's determination must take into consideration all of the issues presented as well as "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *Id.* § 6330(c)(3).

Nevertheless, the statute's protections are limited. For example, the "fair hearing" requirement does not guarantee a

face-to-face meeting; "one or more written or oral communications will suffice." *Olsen*, 414 F.3d at 150 & n. 2 (citing Treas. Reg. § 301.6330–1(d)(2)(Q & A–D6) (2004)). Another significant limitation is the scope of the review permitted upon an appeal of an IRS collection determination: where "the amount of the underlying tax liability is not at issue, the trial court and the court of appeals review the determination of the IRS appeals officer for abuse of discretion." *Olsen*, 414 F.3d at 150. The First Circuit has further stated that the standard of review in these tax appeals is "more deferential" to the IRS than the review of more formal agency decisions and requires "a clear abuse of discretion in the sense of a clear taxpayer abuse and unfairness by the IRS." *Id.* (quoting *Living Care*, 411 F.3d at 625, 631).

When considering the breadth of the rights afforded by § 6330 and the availability of judicial review of an IRS determination, "[i]t must be borne in mind that taxpayers have further recourse, besides the [Collection Due Process] CDP hearing, to post-deprivation procedures. While Congress clearly wanted to prevent mere bureaucratic harassment, we do not understand it to have intended to strip the IRS of effective and reasonable tax collection procedures." *Olsen*, 414 F.3d at 151. Thus, the rights and process due are only those specified in the statute, and it would be unwise and inconsistent with Congress's intent to read broader protections into the generally limited statutory scheme.

Taramark complains about the process by which the IRS rejected Taramark's installment payment proposal and offer in compromise and essentially argues that greater procedural protections should have been provided. To a large extent, Taramark's arguments concern policy considerations that are best addressed to the legislature. Further, substantially similar policy arguments were recently rejected by the First Circuit in *Olsen* when it observed that "the handling and processing of an offer in compromise not submitted in conjunction with a CDP hearing is not subject to judicial review at all. That offers in compromise submitted as part of a CDP hearing are reviewed in light of the purposes of § 6330 hardly amounts to a denial of due process." *Id.* at 156 (citation omitted).

■ Taramark's contention that its rights were violated because the IRS failed to negotiate and communicate the terms of an acceptable offer in compromise is without merit for two reasons. First, it asserts a right that is not found in the statute and in fact is inconsistent with the statutory scheme, as described above. Second, the contention is belied by the administrative records, which reveals that the IRS did effectively communicate with Taramark concerning the terms of what the IRS considered to be an acceptable offer. After Taramark submitted its installment payment proposal, the IRS sent Taramark a letter rejecting its proposal and indicating that the IRS had determined that Taramark could afford to make installment payments of $18,920 per month and pay the tax liability in full. R. 277. Taramark acknowledged receipt of that letter on July 10, 2003. R. 280. The administrative record further indicates that in August 2003, after Taramark had submitted its offer in compromise, the IRS again determined that the proposal was unacceptable. R. 327. In a telephone call with Attorney Burke, the IRS informed Taramark of the determination that the taxpayer could afford to pay the tax liability in full within a short period of time. *Id.* Consequently, the IRS did in fact communicate its view concerning the terms of an acceptable offer in compromise; it just happens that in this case the IRS had determined that no

compromise short of payment in full over a short time would be acceptable.

■ Taramark also argues that its rights were violated because the IRS failed to offer Taramark the right to an administrative appeal and did not conduct an independent administrative review of the rejection of Taramark's offer in compromise. Similar arguments were rejected by the First Circuit in *Olsen:*

> "Finally, Olsen complains that the absence of administrative review of the rejected offer in compromise as well as the Secretary's failure to grant him administrative appeal rights violates his right to due process. Represented by counsel, Olsen decided to submit his offer in compromise to the IRS Office of Appeals pursuant to § 6330 in the first instance. Under § 6330, he had no right to more than one hearing nor to a hearing before anyone other than the Office of Appeals. *See* 26 U.S.C. § 6330(b) (2000). Moreover, if a taxpayer desires to challenge an appeals officer's determination, § 6330 provides for judicial review, which Olsen elected to pursue, not another administrative appeal. *Id.* § 6330(d)."

414 F.3d at 157. In addition, the administrative record indicates that Taramark's file was subjected to independent administrative review before the Notice of Determination was issued. According to the record, Lisa Boudreau was the appeals officer who handled Taramark's file and proceedings and crafted the recommended disposition. Boudreau's work was then reviewed and approved by an appeals team manager, Edwin Arcaro, who signed the Notice of Determination that was sent to Taramark. R. 001–013.

■ Taramark's pleadings on appeal to this Court do not plainly set forth a claim that the IRS abused its discretion with respect to the substance of its determina-

tion that Taramark could afford to pay the tax liability in full in a short period of monthly installment payments. Nevertheless, two arguments concerning the substance of that determination can be gleaned from the complaint and Taramark's briefs: that in determining Taramark's ability to make monthly payments the IRS failed to adequately account for the fluctuating nature of Taramark's income and the IRS failed to adequately discount the value of Taramark's accounts receivable to allow for uncollectible accounts. Notwithstanding its rhetoric, Taramark has not identified anything in the administrative record, or otherwise, to support its assertion that the appeals officer erred, and I conclude that there was no abuse of discretion.

## B. *Motions for remand and for trial de novo*

■■ Taramark has filed a motion to remand to the IRS (No. 8) and a motion for a trial de novo before this Court (Nos. 34, 36). Such relief is not warranted. It is plain from § 6330(d)(1) that a taxpayer may "appeal" to this court for "review" of the IRS proceedings below. "The Supreme Court has consistently stated that review of administrative decisions is ordinarily limited to consideration of the decision of the agency . . . and of the evidence on which it was based, and that no de novo proceeding may be held. [T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Olsen,* 414 F.3d at 155 (alterations in original, citations and internal quotations omitted). Remand for further development of the record may be warranted if the record is insufficient to permit effective judicial review. *Id.* Further, in limited circumstances the district has the discretion to permit supplementation of the record if, for example, there is

"a strong showing of bad faith or improper behavior by agency decision makers." *Id.* (citation and internal quotations omitted). Here, Taramark has not shown any need for remand or further development of the record. Rather, the record—while unsurprisingly limited given the informal nature of the administrative proceedings—adequately documents the history of the process afforded Taramark, including the exchange of correspondence and information concerning Taramark's proposed collection alternatives. Furthermore, the record adequately explains the agency's conclusions and reasoning. *See id.* at 155–56. The motions for remand and for a trial de novo, therefore, are denied.

### C. *Doubt as to liability*

Taramark also complains that the IRS did not rule on Taramark's claim of doubt as to Taramark's liability for penalties and fees. There had been some uncertainty about whether Taramark had adequately presented that issue to the IRS. There is no longer any uncertainty, however, because during the course of this appellate action, the IRS sought and I granted a partial remand to the IRS for determination of Taramark's claim of doubt as to liability. In May 2005, the IRS issued a supplemental Notice of Determination denying Taramark's request for an abatement of penalties and fees. Taramark has not presented any challenge to that supplemental determination. Its claim of error therefore is waived.

### D. *Attorneys' fees*

Because Taramark has failed on each of its claims of error, its claim for attorneys' fees is denied.

### III. *Conclusion*

For the reasons set forth above, the IRS collection determination is affirmed. Fur-

ther, Taramark's motions to remand (No. 8), to strike the administrative record (No. 31), to expand the record (No. 33), and for a trial de novo (Nos. 34 and 36) are denied. Judgment shall enter in favor of the United States and against Taramark Title Co.

It is SO ORDERED.